EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------|
| | 2020 TSPR 12 |
| Carlos Carrasquillo Bermúdez | 203 DPR \_\_\_\_\_ |

Número del Caso: CP-2018-01


Fecha: 23 de enero de 2020


Oficina del Procurador General:

    Lcdo. Joseph Feldstein del Valle
    Subprocurador General

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcdo. Eric. O. De La Cruz Iglesias
    Procurador General Auxiliar


Abogados del querellado:

    Lcdo. Virgilio Mainardi Peralta
    Lcdo. José A. Rivera Rodríguez


Comisionada Especial:

    Hon. Isabel Llomart Zeno


Materia: La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Carrasquillo Bermúdez
      (TS-18,937)                    CP-2018-0001

*PER CURIAM*

En San Juan, Puerto Rico, a 23 de enero de 2020.

El Lcdo. Carlos Carrasquillo Bermúdez fue admitido al ejercicio de la abogacía el 21 de agosto de 2012 y al ejercicio de la notaría el 19 de septiembre del mismo año. Debido a que incumplió con los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, nos vemos obligados a suspenderle por un término de tres meses del ejercicio de la abogacía y de la notaría.

I

El Lcdo. Rafael Álvarez Castro acordó de manera verbal representar legalmente a la Sra. Miriam

Pacheco París, quien presentó la querella, y a sus hijos, Jesús, Milagros y José Manuel. Tanto la señora Pacheco París como sus hijos estaban interesados en presentar una reclamación por una alegada impericia médica que se cometió contra su esposo y, además, el padre de sus hijos. Por tratarse de este tipo de reclamación, el licenciado Álvarez Castro le solicitó un informe pericial a la señora Pacheco París.

El 5 de febrero de 2014 la señora Pacheco París realizó un pago de $160 por concepto de gastos y costas. Por su parte, el 6 de febrero de 2014 se presentó la demanda contra el hospital, los doctores y las aseguradoras supuestamente responsables de cometer la impericia médica. De la demanda surge que la señora Pacheco París y su hijo Jesús residían en la Carr. 185, KM. 4.5, Sector Loma del Viento, Canóvanas, PR, 00729. Asimismo, surge de la demanda que Milagros y José residían en Middletown, Connecticut. Durante el transcurso del caso, el licenciado Álvarez Castro se percató de que uno de los médicos demandados era médico de su madre. Por eso, le informó a la señora Pacheco París que no podía continuar con el caso.

Ante esto, el licenciado Álvarez Castro presentó su renuncia al tribunal el 21 de marzo de 2014 e indicó que la dirección de la señora Pacheco París era la antes mencionada. Además, certificó que le notificó a la señora Pacheco París su renuncia a la dirección antes mencionada. El foro primario emitió una resolución en la que aceptó la renuncia del

licenciado Álvarez Castro. Asimismo, concedió a las partes treinta días para que presentaran una nueva representación legal con el apercibimiento de que el incumplimiento con esa orden podría conllevar la desestimación del caso. Cabe destacar que el foro primario envió la notificación a los cuatro demandantes a la misma dirección antes mencionada, aunque tenía conocimiento de que Milagros y José residían en Connecticut. Las notificaciones fueron devueltas. Ante esto, el foro primario emitió una orden el 10 de abril de 2014, la cual fue devuelta al tribunal por la misma razón que la anterior.

Posteriormente, para abril de 2014 el licenciado Carrasquillo Bermúdez se reunió con la señora Pacheco París y notificó al foro primario que estaría asumiendo la representación legal de la señora Pacheco París. El foro primario emitió una resolución en la que aceptó al licenciado Carrasquillo Bermúdez como la nueva representación legal de la señora Pacheco París. El tribunal notificó la resolución al licenciado Carrasquillo Bermúdez, pero no a ninguno de los codemandantes.

El 12 de mayo de 2014, el foro primario emitió una resolución en la que citó para el 1 de julio de 2014 la primera conferencia sobre el estado de los procedimientos. Asimismo, ordenó que para esa fecha las partes presentaran sus informes periciales, en caso de tener alguno, y les concedió diez días para notificar sus direcciones postales. Esta orden tampoco se le notificó a los codemandantes.

El licenciado Carrasquillo Bermúdez se ausentó de esta vista, según surge de la minuta. Asimismo, de la minuta surge que en dicha vista los abogados de los demandados informaron que se comunicaron con el licenciado Carrasquillo Bermúdez y este le informó que no tenía conocimiento sobre la vista. De la minuta surge que la notificación se envió a la dirección de récord y que no fue devuelta. Asimismo, se hizo constar en la minuta que el licenciado Carrasquillo Bermúdez llamó a la secretaría para indicar que acababa de asumir la representación legal y que no tenía conocimiento de la vista. Ante esto, el foro primario le concedió diez días para que cancelara un arancel de suspensión y que en el mismo término informara si iba a usar prueba pericial. La minuta de esa vista se le notificó al licenciado Carrasquillo Bermúdez y a la señora Pacheco París y sus hijos. Sin embargo, el correo devolvió al foro primario las notificaciones que se le enviaron a la señora Pacheco París y a sus hijos. Cabe destacar que en el sobre aparece una nota que indica que esa es la única dirección que consta en el expediente de la señora Pacheco y sus hijos. Mediante una orden se citó a una vista para el 20 de agosto de 2014 y se le ordenó al licenciado Carrasquillo Bermúdez notificar la dirección postal de la señora Pacheco París y de sus hijos. Sin embargo, el licenciado Carrasquillo Bermúdez nunca notificó la dirección.

El 14 de agosto de 2014, el licenciado Carrasquillo Bermúdez presentó una moción informativa en la que indicó

que no compareció a la vista del 1 de julio de 2014 porque se encontraba en el proceso de mudar su oficina y al parecer la notificación de la vista llegó a la dirección vieja. En esa misma moción, el licenciado Carrasquillo Bermúdez notificó al tribunal su nueva dirección. Además, informó que no fue hasta el 6 de agosto de 2014 que la señora Pacheco París y sus hijos contrataron un perito para preparar el informe. Por último, solicitó que se cancelara la vista del 20 de agosto de 2014. El foro primario notificó una orden el 19 de agosto de 2014 en la que le concedió otro término de diez días para cancelar el arancel de suspensión y mantuvo la vista señalada para el 20 de agosto de 2014. La notificación de esa orden se envió a la dirección vieja del licenciado Carrasquillo Bermúdez y a la dirección que se tenía de la señora Pacheco París y de sus hijos.

Por su parte, en la vista del 20 de agosto de 2014 el foro primario le concedió cinco días al licenciado Carrasquillo Bermúdez para que proveyera la dirección correcta de la señora Pacheco París y de sus hijos. Además, le dio hasta el 16 de septiembre de 2014 para que presentara su informe pericial. Asimismo, le concedió cinco días al licenciado Carrasquillo Bermúdez para que cancelara el arancel de suspensión. Sin embargo, el licenciado Carrasquillo Bermúdez incumplió.

El 26 de septiembre de 2014 se celebró una vista. El foro primario hizo constar que el licenciado Carrasquillo Bermúdez no cumplió con cancelar el arancel de suspensión

como le fue ordenado ni con informar la dirección postal de sus clientes. Además, surge de la minuta que el perito de la señora Pacheco París y de sus hijos preparó un informe preliminar pero que necesitaba los récords médicos para poder culminar el estudio, por lo que se encontraba en el proceso de solicitar esos expedientes. Ante esto, el tribunal le concedió diez días a la parte demandada para que produjera los récords médicos y, una vez culminado ese periodo, se le concedieron diez días a los demandantes, representados por el licenciado Carrasquillo Bermúdez, para que presentaran el informe pericial final.

Por otro lado, el licenciado Carrasquillo Bermúdez informó al Tribunal que sus clientes son de escasos recursos y pudieran tener problemas para costear el informe pericial. Al escuchar esta preocupación, los demandados informaron al tribunal que ante el temor de que la parte demandante no pudiera costear los gastos de peritaje no estarían dispuestos a aceptar un desistimiento con perjuicio sin la imposición de costas y honorarios. Como resultado de la vista, el foro primario le impuso sanciones económicas al licenciado Carrasquillo Bermúdez, a ser pagadas en un término de diez días, y le concedió un término de dos días para que proveyera las direcciones de sus representados.

El licenciado Carrasquillo Bermúdez presentó una moción el 30 de septiembre de 2014 en la que notificó que pagó las sanciones impuestas e informó la misma dirección de la señora Pacheco París que ya constaba en el expediente. El foro

primario notificó una orden el 7 de octubre de 2014 a la señora Pacheco París y a sus hijos, pero por ser a la misma dirección que constaba en el expediente fueron devueltas al correo.

El 9 de octubre de 2014, el licenciado Carrasquillo Bermúdez presentó una moción de desistimiento sin perjuicio, en la que explicó que perdió comunicación con sus clientes. Indicó que realizó todas las gestiones posibles para localizar a sus clientes, pero todo resultó infructuoso. Incluso, estos cambiaron sus números de teléfono sin informárselo. Asimismo, le dejó saber al tribunal que también recibía devuelta la correspondencia que le enviaba. Cabe destacar que el sobre de referencia que adjuntó el licenciado Carrasquillo Bermúdez fue enviado a la señora Pacheco París y sus hijos a la misma dirección ya mencionada, pero el remitente no era el licenciado Carrasquillo Bermúdez, sino el licenciado Álvarez Castro.

Por su parte, la solicitud de desistimiento se discutió en la vista de 20 de octubre de 2014, que fue la última que se celebró en ese caso. De la minuta surge que el foro primario solicitó la dirección postal de la señora Pacheco París y sus hijos, porque la correspondencia era constantemente devuelta. Asimismo, surge de la minuta que el licenciado Carrasquillo Bermúdez indicó que esa era la única dirección conocida y que incluso acudió al lugar para ver si lograba comunicarse con ellos, ya que no tenía comunicación con ellos desde hacía como seis meses, fecha más o menos

para la que fue contratado. También, surge de la minuta que uno de los abogados de la parte demandada solicitó que se permitiera al licenciado Carrasquillo Bermúdez renunciar al caso y se opuso a que se desestimara la demanda sin perjuicio. Además, pidió que se emitiera una orden de mostrar causa contra la señora Pacheco París y sus hijos para que expresaran por qué no se debía desestimar el caso con perjuicio, por abandono. El foro primario aceptó la renuncia del licenciado Carrasquillo Bermúdez y le concedió 30 días a la señora Pacheco París y a sus hijos para que cumplieran con la orden de mostrar causa. Cabe resaltar que esta orden se le notificó a la señora Pacheco París y a sus hijos a la misma dirección que se le había enviado antes, pues es la única dirección que se tiene de estos.

La señora Pacheco París y sus hijos no cumplieron con la orden de mostrar causa. Entonces, el foro primario emitió una sentencia en la que indicó que la demanda del caso se presentó el 6 de febrero de 2014 y tras cuatro conferencias con antelación a juicio el caso no pudo adelantarse, ya que la parte demandante incumplió con los requerimientos del descubrimiento de prueba. Además, en la sentencia se mencionó la renuncia al caso del licenciado Carrasquillo Bermúdez por haber perdido contacto con sus clientes. Finalmente, el foro primario desestimó la demanda con perjuicio. Cabe destacar que esa sentencia no fue notificada a la señora Pacheco París y sus hijos, pero sí al licenciado Carrasquillo Bermúdez.

No fue hasta el 28 de agosto de 2017 que la señora Pacheco París acudió al foro primario y presentó un escrito en el que solicitó que se investigara la verdad e incluyó su dirección postal, la misma que ya constaba en el expediente. El foro primario dictó una orden en la que expresó que no tenía nada que proveer al respecto.

Sin embargo, el 4 de noviembre de 2016 la señora Pacheco París presentó la queja que tenemos ante nuestra consideración. En esta sostuvo que el licenciado Carrasquillo Bermúdez estuvo mucho tiempo sin comunicarse con ella y que no respondía a sus llamadas y mensajes. Asimismo, la señora Pacheco París aseveró que fue el licenciado Álvarez Castro quien le dejó saber que habían desestimado su caso. Por su parte, el licenciado Carrasquillo Bermúdez sostuvo en la contestación a la queja que luego de que la señora Pacheco París se comprometió a llevarle un informe pericial no lo hizo. Además, argumentó que no volvió a comunicarse con ella, por lo que se vio forzado a desistir del pleito. Tras evaluar la queja y la contestación decidimos someter el caso a la Oficina del Procurador General.

Evaluado el informe que presentó el Procurador General, emitimos una Resolución en la que ordenamos a la Oficina del Procurador General iniciar un proceso disciplinario. Ante esto, el Procurador General presentó una querella contra el licenciado Carrasquillo Bermúdez. En esta alegó que el letrado violó los Cánones 12 y 18 de Ética Profesional,

supra, por no ser competente y diligente durante el trámite de la representación legal de la señora Pacheco París y de sus hijos. Asimismo, imputó una violación del Canon 19 de Ética Profesional, íd., porque el abogado no consultó ni se comunicó con sus representados acerca del trámite ni el desenlace del caso. Por último, alegó que el licenciado Carrasquillo Bermúdez violó el Canon 38 de Ética Profesional, íd., al no conducirse de manera digna ni honorable en su representación legal a la señora Pacheco París y a sus hijos.

El licenciado Carrasquillo Bermúdez respondió la querella. En esencia, sostuvo que reconoce que algunas de sus conductas han sido motivo para que disciplinemos otros abogados. Explicó que el reconocimiento de estas conductas impropias surge del proceso de aprendizaje y madurez emocional que el proceso disciplinario ha generado en su persona. Según explicó, sus acciones nunca se fundaron en ánimo de lucro o en la intención de incumplir con sus deberes éticos. Aceptó que incumplió con proveer al tribunal la dirección de la señora Pacheco París. Argumentó que no tuvo acceso a otra dirección, pues esta no surgía del expediente del abogado anterior ni de la moción de renuncia. Sí aceptó que en el recibo original de las costas constaba una dirección postal, pero que el original de este recibo no estaba en el expediente. De esta forma, aceptó que falló al no documentar e informar al tribunal la pérdida de contacto con la cliente. Indicó que su falta de experiencia en la

profesión fue un factor importante, pues solo llevaba unos meses en la profesión.

Por otro lado, el letrado justificó su incomparecencia a la primera vista como un fallo en la logística, pues se encontraba en plena mudanza de oficina lo que creó un disloque en el manejo de las notificaciones. También, indicó que solicitó el desistimiento sin perjuicio por la acumulación de sanciones y la falta de comunicación con su cliente. Sin embargo, reconoció que lo correcto debió de haber sido solicitar la renuncia a la representación legal desde un principio. Asimismo, indicó que nunca solicitó el desistimiento con perjuicio del caso, sino que fue producto de la discreción judicial. Finalmente, reiteró su arrepentimiento y solicitó que tomáramos en cuenta los atenuantes y los hechos particulares del caso a la hora de disciplinarlo. Afirmó que no existe prueba que sugiera ni demuestre que la conducta del letrado fue intencional, impropia o deshonrosa que conlleve una sanción disciplinaria.

Tras la radicación de la querella, emitimos una Resolución en la que designamos a la Hon. Isabel Llompart Zeno, exjueza del Tribunal de Primera Instancia, como Comisionada Especial del caso. La Comisionada Especial, luego de evaluar la prueba, emitió un informe en el que concluyó que el licenciado Carrasquillo Bermúdez violentó los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, supra. En resumen, sostuvo que el licenciado Carrasquillo

Bermúdez no fue competente ni diligente y no desplegó las debidas diligencias para asegurar que no se cometieran dilaciones indebidas en el caso. Según consta del informe, las tres vistas celebradas se suspendieron porque el letrado se ausentó injustificadamente e incumplió con las órdenes del foro primario.

Con ese informe y la comparecencia de las partes, el caso quedó sometido para que emitamos la decisión final.

II

A. El Canon 12 del Código de Ética Profesional, supra, indica que

> [e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

Este canon le impone a los abogados el deber de puntualidad y diligencia en el trámite de sus casos. In re López Santiago, 199 DPR 797, 809 (2018); In re Nieves Nieves, 181 DPR 25, 35 (2011). Esto implica asegurarse de que no ocurran dilaciones indebidas en la tramitación y solución de los casos. Hemos dicho que se viola el Canon 12, supra, cuando las actuaciones y omisiones del abogado ponen en riesgo la causa de acción del cliente. In re López Santiago, supra, pág. 810; In re Nieves Nieves, supra, pág. 36. Por ejemplo, hemos concluido que se violenta este canon cuando se falta de manera injustificada a las vistas señaladas por

los tribunales. In re Nieves Nieves, supra, pág. 36; In re Rosado Nieves, 159 DPR 746, 757 (2003).

En este caso, el licenciado Carrasquillo Bermúdez no desplegó toda la diligencia necesaria para proveer a sus clientes una adecuada representación. Se ausentó sin ninguna justificación válida a la vista del 1 de julio de 2014. Informó que no recibió la notificación de la vista porque, para esa época, recién se mudaba de oficina y el señalamiento de vista se le envió a su oficina vieja. Sin embargo, se le notificó a la dirección que constaba en el récord.

Por otro lado, el 12 de mayo de 2014 el foro primario le solicitó al licenciado Carrasquillo Bermúdez que, de decidir presentar un informe pericial, tendría hasta el 1 de julio de 2014. El licenciado Carrasquillo Bermúdez no lo presentó para esa fecha y el 14 de agosto de 2014 presentó una moción en la que explicó que le notificó a sus clientes la necesidad de contratar un perito. Sin embargo, no fue hasta el 6 de agosto de 2014 que los codemandantes lograron contratar un perito. De esta forma, el foro primario le concedió hasta el 20 de agosto de 2014. El licenciado Carrasquillo Bermúdez no cumplió y el tribunal le concedió hasta el 16 de septiembre de 2014 para entregar el informe. En esta última fecha, el letrado presentó un informe preliminar y dejó saber que necesitaba acceso a los expedientes médicos. Ante esto, el foro primario ordenó que se le diera acceso a los expedientes médicos y le concedió

un nuevo término para presentar su informe pericial, el cual volvió a incumplir.

Asimismo, en alrededor de cuatro ocasiones se le solicitó al licenciado Carrasquillo Bermúdez que presentara las direcciones de los codemandantes, ya que todas las notificaciones eran devueltas. Sin embargo, el licenciado Carrasquillo Bermúdez esperó hasta al 30 de septiembre de 2014, para informar la misma dirección rural a la que se devolvían las notificaciones.

Ante los incumplimientos con las órdenes del foro primario, el propio tribunal le ordenó al licenciado Carrasquillo Bermúdez pagar unos aranceles por suspensión y unas sanciones. El licenciado Carrasquillo Bermúdez no fue puntual en el pago de estas sanciones. Por ausentarse sin justificación de la vista del 1 de julio de 2014, el foro primario le ordenó al letrado pagar un arancel de suspensión de vista en un término de 10 días, con lo que incumplió el licenciado Carrasquillo Bermúdez. En la vista del 20 de agosto de 2014, el foro primario le concedió cinco días para que pagara el arancel, pero el licenciado Carrasquillo Bermúdez incumplió. Ante esto, en la vista del 26 de septiembre de 2014 el foro primario le concedió dos días al licenciado Carrasquillo Bermúdez para que pagara el arancel de suspensión de vista. Además, en esa vista le impuso dos sanciones. No fue hasta el 30 de septiembre de 2014 que el licenciado Carrasquillo Bermúdez cumplió con cancelar el arancel de suspensión de vista y pagó las sanciones. Conforme

a lo anterior, el licenciado Carrasquillo Bermúdez incumplió y dilató los intereses de su cliente, lo que culminó en una desestimación con perjuicio del caso. De esta forma, el licenciado Carrasquillo Bermúdez violó el Canon 12 del Código de Ética Profesional, supra.

B. Por otro lado, el Canon 18, supra, indica que

[s]erá impropio de un abogado asumir una representación profesional cuando está[sic.] consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.
Este deber de desempeñarse en forma capaz y diligente no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfante en las causas del cliente. La misión del abogado no le permite que en defensa de un cliente viole las leyes del país o cometa algún engaño. Por consiguiente, al sostener las causas del cliente, debe actuar dentro de los límites de la ley, teniendo en cuenta no sólo la letra de ésta, sino el espíritu y los propósitos que la informan. No debe tampoco ceder en el cumplimiento de su deber por temor a perder el favor judicial ni la estimación popular. No obstante, un abogado puede asumir cualquier representación profesional si se prepara adecuadamente para ello y no impone gastos ni demoras irrazonables a su cliente y a la administración de la justicia.
A través de este canon se exige a los abogados

desempeñarse de forma capaz y diligente en los casos que le tramitan a sus clientes. In re Peña Osorio, 2019 TSPR 131 Pág. 6, 202 DPR__. Practicar la profesión legal con el mayor celo, cuidado y prudencia posible es esencial para el ejercicio de la profesión legal. In re López Santiago, supra, pág. 811; In re Nazario Díaz II, 198 DPR 793, 803 (2017).

Asimismo, los abogados deben emplear toda su capacidad, lealtad, responsabilidad, efectividad y honradez al tramitar las encomiendas que le hacen sus clientes. In re Cuevas Borrero, 185 DPR 189, 199 (2012). Ante esto, se considera incompatible con la profesión, y por lo tanto una violación ética, cualquier acto de un letrado que demuestre desidia, despreocupación, indiferencia, displicencia o inacción. In re López Santiago, supra, pág. 811. El propósito de este canon es proteger al cliente que confió en el abogado para presentar su reclamación y para que fuera diligente en el trámite del caso. In re Nieves Nieves, supra, pág. 38. Por eso, hemos dicho que un abogado incumple con este canon cuando actúa de manera irresponsable en la representación de un abogado. In re López Santiago, supra, pág. 811. Asimismo, se entiende que se violenta ese canon cuando se desestima o se archiva un caso por la falta de diligencia de un abogado. In re Rivera Nazario, 193 DPR 573, 583 (2015); In re López Santiago, supra, pág. 811.

El Canon 19, supra, indica que

[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.
Siempre que la controversia sea susceptible de un arreglo o transacción razonable debe aconsejar al cliente el evitar o terminar el litigio, y es deber del abogado notificar a su cliente de cualquier oferta de transacción hecha por la otra parte.
El abogado que representa varios clientes con intereses comunes o relacionados entre sí no debe transigir ninguno de los casos envueltos sin que cada cliente esté enterado de dicha transacción y sus posibles consecuencias.

De esta forma, todo abogado tiene el deber de mantener informado a su cliente sobre el trámite del caso. Mantener al cliente informado es un elemento imprescindible de la relación abogado-cliente. In re García Ortiz, 176 DPR 123, 128 (2009). Cabe destacar que no se trata de cualquier tipo de comunicación entre el abogado y el cliente, sino aquella mediante la cual se informa al cliente debidamente de todo el asunto importante en la tramitación del caso. In re Rivera Rodríguez, 2019 TSPR 140, pág. 12, 202 DPR___. Un abogado no evade su responsabilidad de comunicarse con el cliente porque este se tornó inaccesible, pues en estos casos tiene que documentar al tribunal las gestiones que realizó y que demuestran la falta de acceso al cliente. In re Nieves Nieves, supra, pág. 40. De lo contrario, el letrado violaría el Canon 19, supra. Asimismo, un abogado violenta este canon cuando no le informa al cliente cuál es el estatus procesal del caso, si hubo un resultado adverso, así como cuando el letrado se torna inaccesible o no atiende los reclamos de información que le hace su cliente. In re Rivera Rodríguez, supra, pág. 12.

Conforme a lo anterior, concluimos que las actuaciones del licenciado Carrasquillo Bermúdez violentaron el Canon 18 y 19 de Ética Profesional, supra. No fue hasta el 9 de octubre de 2014, que el licenciado Carrasquillo Bermúdez comunicó al foro primario que perdió toda comunicación con sus clientes. Informó que envió una comunicación a las partes a la dirección informada al tribunal, pero le fue devuelta.

Asimismo, notificó que el teléfono que tenía de las partes no estaba en servicio. Cuando el foro primario cuestionó al licenciado Carrasquillo Bermúdez sobre las gestiones que realizó y cuándo fue la última vez que se comunicó con sus clientes este respondió que no se comunicaba con ellos desde el mes de abril de 2014. Cabe recordar que alrededor de esa fecha fue cuando el letrado asumió la representación legal en el caso. El propio letrado reconoció en su contestación de la querella que falló en no documentar correctamente la falta de pérdida de comunicación con sus clientes.

Ante esa falta de comunicación, el licenciado Carrasquillo Bermúdez solicitó el desistimiento del caso, sin perjuicio. Ante esto, el foro primario ordenó a la señora Pacheco París y a sus hijos mostrar causa por la que no se debía desestimar el caso con perjuicio. La orden de mostrar causa fue devuelta y estos no comparecieron, por lo que el foro primario desestimó el caso con perjuicio.

Como podemos ver, el letrado no fue diligente y no comunicó a sus clientes lo que ocurrió en el caso. Además, la incomparecencia a una vista y su reiterado incumplimiento con las órdenes del tribunal demuestran la falta de diligencia y de compromiso que tenía el licenciado Carrasquillo Bermúdez con sus clientes. Por otro lado, el que el cliente se torne inaccesible no es excusa para incumplir con el deber de mantenerlo informado. En esas situaciones el abogado debe comunicárselo al tribunal. En este caso, el letrado esperó demasiado para informar al

tribunal que no podía comunicarse con las partes. Además, decidió solicitar el desistimiento sin haberlo consultado con su cliente, como requiere el canon. Esa falta de diligencia culminó con el desistimiento del caso con perjuicio, lo cual tampoco le informó a sus representados.

C. Por último, el Canon 38 indica que

> [e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia. Tal participación conlleva necesariamente asumir posiciones que puedan resultarle personalmente desagradables pero que redundan en beneficio de la profesión, tales como: denunciar valientemente, ante el foro correspondiente, todo tipo de conducta corrupta y deshonrosa de cualquier colega o funcionario judicial; aceptar sin vacilaciones cualquier reclamación contra un compañero de profesión que haya perjudicado los intereses de un cliente; poner en conocimiento de las autoridades apropiadas todo acto delictivo o de perjurio que ante él se cometiera; velar y luchar contra la admisión al ejercicio de la profesión de personas que no reúnan las condiciones morales y éticas, así como de preparación académica, que nuestra profesión presupone. Todo abogado debe estar convencido de las condiciones idóneas morales y éticas de un aspirante al ejercicio de la profesión antes de recomendarle para su admisión al foro.
>
> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. En observancia de tal conducta, el abogado debe abstenerse en absoluto de aconsejar y asesorar a sus clientes en otra forma que no sea el fiel cumplimiento de la ley y el respeto al poder judicial y a los organismos administrativos. De igual modo, no debe permitir a sus clientes, sin importar su poder o influencia, llevar a cabo actos que tiendan a influenciar indebidamente a personas que ejercen

cargos públicos o puestos privados de confianza. Lo antes indicado no impide, naturalmente, que un abogado dé a sus clientes su opinión informada y honesta sobre la interpretación o validez de una ley, orden o reglamento, que no ha sido, a su vez, interpretado o clarificado en sus disposiciones por un tribunal competente.

Todo abogado que abandone el servicio público debe rechazar cualquier empleo o representación legal en aquellos casos particulares en relación con los cuales haya emitido juicio profesional como funcionario público.

Debido a la confianza que se deposita en un miembro de la profesión legal, todo letrado debe conducirse de forma digna y honorable en el desempeño de sus funciones. In re Nieves Nieves, supra, pág. 45. En este caso, el licenciado Carrasquillo Bermúdez incurrió en conducta impropia al no esforzarse al desplegar el máximo de su capacidad en la exaltación del honor y de la profesión legal.

III

Tras examinar la conducta del abogado a la luz de los Cánones de Ética Profesional, supra, procedemos a imponer la sanción disciplinaria que le corresponde al licenciado Carrasquillo Bermúdez. En reiteradas ocasiones hemos evaluado los siguientes factores a la hora de imponer sanciones disciplinarias:

> (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada; y(9) otros atenuantes o agravantes que surjan de los hechos. In re Planas Merced, 180 DPR 179 (2010).

En este caso, la Comisionada Especial no recomendó ninguna sanción en específico. Sin embargo, mencionó en su informe una serie de atenuantes que tomaremos en consideración. Primero, surge del expediente una declaración jurada en la que se estipuló la buena reputación del abogado en la comunidad, y que expresó su arrepentimiento. Asimismo, indicó que el comportamiento del letrado fue una instancia aislada y en la que no hubo ánimo de lucro.

En In re Miranda Daleccio, 193 DPR 753 (2015), suspendimos por tres meses a un abogado que violentó los Cánones 12, 18, 19 y 38 de Ética Profesional, supra. En aquella ocasión el letrado en varias ocasiones incumplió con los requerimientos del tribunal para el descubrimiento de prueba e incumplió con órdenes de mostrar causa. De esta forma, su falta de diligencia también provocó que incumpliera con el Cannon 18 del Código de Ética Profesional, supra. Asimismo, el letrado incumplió con el Canon 19 del Código de Ética Profesional, supra, ya que no mantuvo informado a su cliente del trámite del caso y no le notificó del desistimiento. Así, la falta de diligencia del letrado se apartó del comportamiento digno y honorable que requiere la profesión.

Este caso es similar al que tenemos ante nuestra consideración, ya que culminó con la desestimación de la reclamación. El letrado incumplió con órdenes del tribunal y no informó a sus clientes el desenlace del caso. El licenciado Carrasquillo Bermúdez pudo haber renunciado al

caso desde que perdió comunicación con los clientes en vez de incumplir con los Cánones de Ética Profesional. Cómo surge del expediente, el mismo letrado mencionó que perdió comunicación con sus clientes luego de asumir la representación legal de estos en abril de 2014 y no fue hasta octubre de ese mismo año que lo informó al Tribunal. Por su parte, la señora Pacheco París tampoco fue diligente, pues abandonó la causa de acción y fue luego de un largo periodo que decidió volver a procurar el estado de los procedimientos. Sin embargo, como mencionamos, el hecho de que la señora Pacheco París estuviera inaccesible no exime al letrado de su deber de informar eso al Tribunal, pues ese deber de informar es del abogado y no del cliente. De esta forma, el licenciado Carrasquillo Bermúdez incumplió con los cánones de ética.

En vista de lo anterior, estimamos justo suspender al licenciado Carrasquillo Bermúdez del ejercicio de la abogacía y de la notaría por un periodo de tres meses, por violentar los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, _supra_. Como mencionamos, esta es la primera falta ética que comete el señor Carrasquillo Bermúdez, quien trajo evidencia de que goza de buena reputación en la comunidad. Además, reconoció que no tuvo la intención de violentar los Cánones de Ética Profesional ni se lucró de esa falta. Asimismo, en reiteradas ocasiones expresó su arrepentimiento. De esta forma, entendemos que una suspensión temporera es la sanción proporcional para las

infracciones cometidas por el letrado. Sin embargo, le apercibimos de que cualquier incumplimiento similar con los Cánones de Ética Profesional en el futuro podría conllevar la suspensión inmediata e indefinida del ejercicio de la abogacía.

Al señor Carrasquillo Bermúdez se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Además, se ordena al alguacil de este Tribunal incautar la obra y el sello notarial del señor Carrasquillo Bermúdez y entregarlo a Oficina de Inspección de Notarías. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Carrasquillo Bermúdez mientras la fianza estuvo vigente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Carrasquillo Bermúdez
    (TS-18,937)                  CP-2018-0001

*SENTENCIA*

En San Juan, Puerto Rico, a 23 de enero de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos al licenciado Carrasquillo Bermúdez del ejercicio de la abogacía y de la notaría por un periodo de tres meses, por violentar los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, supra.

Al señor Carrasquillo Bermúdez se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Además, se ordena al alguacil de este Tribunal incautar la obra y el sello notarial del señor

Carrasquillo Bermúdez y entregarlo a Oficina de Inspección de Notarías. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Carrasquillo Bermúdez mientras la fianza estuvo vigente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco disiente sin opinión escrita. El Juez Asociado señor Kolthoff Caraballo no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo